UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BARBARA KAMMLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17 CV 198 RWS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Deputy Commissioner of Operations, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Barbara Kammler brings this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of the Commissioner's decision denying her application for a period of disability, disability insurance benefits, and supplemental security income. Because the Commissioner's decision is supported by substantial evidence on the record as a whole, I will affirm the Commissioner's decision.

### I.     **Procedural History**

Kammler alleges she became disabled as of January 31, 2013. On May 16, 2014, she applied for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and for supplemental

security income under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. The Commissioner denied Kammler's application on September 17, 2014. Tr., ECF Doc. No. 9, at 71-75.

Kammler requested a hearing before an Administrative Law Judge, which took place on July 6, 2016. On November 3, 2016, the ALJ issued a decision denying benefits. On December 29, 2016, the Appeals Council denied Kammler's request for review. The ALJ's decision is thus the final decision of the Commissioner. 42 U.S.C. § 405(g).

In this action for judicial review, Kammler contends that the ALJ improperly weighed the medical evidence Kammler submitted and that the RFC the ALJ determined was therefore not supported by substantial evidence. She asks me to reverse the Commissioner's final decision and remand the matter for further development of the record.

## II. Medical Records and Other Evidence Before the ALJ

With respect to the medical records and other evidence of record, I adopt Kammler's recitation of facts set forth in her Statement of Material Facts (ECF Doc No. 10-1) insofar as they are admitted by the Commissioner (ECF Doc No. 13-1). I also adopt the additional facts set forth in the Commissioner's Statement of Additional Material Facts (ECF Doc No. 13-2), because Kammler does not refute them. Together, these statements provide a fair and accurate description of

the relevant record before me. I will discuss additional facts as needed to address the parties' arguments.

### III. Legal Standards

To be entitled to disability benefits, a claimant must prove that she is unable to perform any substantial gainful activity due to a medically-determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. §§ 423(a)(1)(D), (d)(1)(a). To determine whether claimants are disabled, the Commissioner evaluates their claims through five sequential steps. 20. C.F.R. § 404.1520; Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009) (describing the five-step process).

Steps one through three require that the claimant prove (1) she is not currently engaged in substantial gainful activity, (2) she suffers from a severe impairment, and (3) her disability meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii). If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to steps four and five. Step four requires the Commissioner to consider whether the claimant retains the RFC to perform her past relevant work (PRW). Id. at § 404.1520(a)(4)(iv). The claimant bears the burden of demonstrating she is no longer able to return to her PRW. Pate-Fires, 564 F.3d at 942. If the Commissioner determines the claimant

cannot return to her PRW, the burden shifts to the Commissioner at step five to show the claimant retains the residual functioning capacity (RFC) to perform other jobs that exist in significant numbers in the national economy. Id.; 20 C.F.R. § 404.1520(a)(4)(v).

In reviewing the ALJ's denial of Social Security disability benefits, my role is to determine whether the Commissioner's findings comply with the relevant legal requirements and are supported by substantial evidence in the record as a whole. Pate-Fires, 564 F.3d at 942. "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Id. In determining whether the evidence is substantial, I must consider evidence that both supports and detracts from the Commissioner's decision. Id. As long as substantial evidence supports the decision, I may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because I would have decided the case differently. See Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2011). I must "defer heavily to the findings and conclusions of the Social Security Administration." Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (internal citation omitted).

## IV. ALJ's Decision

In his written decision, the ALJ found that Kammler has not engaged in substantial gainful activity since January 31, 2013. The ALJ also found that Kammler has several severe impairments: hypothyroidism, tendonitis of the right shoulder, right carpal tunnel syndrome, depression, generalized anxiety disorder, and borderline personality disorder. However, he determined that they did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. at 17-19.

The ALJ ultimately determined Kammler has the RFC to perform light work involving simple, routine tasks, with certain physical and social restrictions. Tr. at 19. Kammler is unable to perform any past relevant work, but there remain jobs in significant numbers in the national economy that she can perform. Tr. at 23-24. Therefore, the ALJ found that Kammler was not disabled from her alleged onset date through the date of the decision. Tr. at 24-25.

## V. Discussion

Kammler contends that the ALJ's RFC determination is not supported by substantial evidence, because he improperly discounted the opinions of Dr. Hogan and Mr. Shirley, two of Kammler's examining treatment providers. She further argues that had the ALJ properly considered opinions of Dr. Hogan and Mr.

Shirley, he would have decided that she has an RFC for which there are no jobs in the national economy.

When evaluating opinion evidence, an ALJ is required to explain in his decision the weight he gives to any opinions from treating sources, non-treating sources, and non-examining sources. See 20 C.F.R. § 404.1527(e)(2)(ii). The Regulations generally require that the ALJ give more weight to the opinions of treating physicians than other sources. 20 C.F.R. § 404.1527(c)(2). A treating physician's assessment of the nature and severity of a claimant's impairments should be given controlling weight if the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Id.; see also Forehand v. Barnhart, 364 F.3d 984, 986 (8th Cir. 2004). This is because a treating physician is

> likely to be the medical professional[] most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1527(c)(2).

When a treating physician's opinion is not given controlling weight, the Commissioner must look to various factors in determining what weight to accord that and any other medical opinion of record, including the length of the treatment relationship and the frequency of examination, the nature and extent of the

treatment relationship, whether the physician provides support for his findings, whether other evidence in the record is consistent with the physician's findings, and the physician's area of specialty. See 20 C.F.R. § 404.1527(c). Inconsistency with other substantial evidence alone is a sufficient basis upon which an ALJ may discount a treating physician's opinion. Goff v. Barnhart, 421 F.3d 785, 790-91 (8th Cir. 2005). The Commissioner "will always give good reasons in [the] notice of determination or decision for the weight [given to the] treating source's opinion." 20 C.F.R. § 404.1527(c)(2).

Kammler points to evidence that detracts from the ALJ's decision regarding the weight he gave to the opinions Dr. Hogan and Mr. Shirley provided. However, I cannot reverse the determination simply because I "would have reached a different conclusion than [the Commissioner] or because substantial evidence supports a contrary conclusion." See Igo v. Colvin, 839 F.3d 724, 728 (8th Cir. 2016) (citing Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014)); Goff, 421 F.3d at 789 ("If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Commissioner's] findings, the court must affirm the [Commissioner's] decision." (citing Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001))).

### A. Dr. Hogan

Kammler asserts that "the ALJ erred by failing to properly consider the opinions from Kammler's treating psychiatrist, Dr. Hogan." Plaintiff's Brief, ECF No. 10, at 2. Specifically, Kammler argues that the ALJ "failed to explain" how Dr. Hogan's opinion regarding Kammler's social limitations were unsupported. Plaintiff's Brief at 7 (citing Tr. at 22). Dr. Hogan's "Medical Source Statement – Mental" (MSSM) reflects Dr. Hogan's opinion that Kammler has social limitations that would affect her ability to find and sustain employment. Tr. at 296. Dr. Hogan estimated that Kammler would be "off task" at work more than 25% of the time due to her symptoms. Tr. at 295.

The ALJ's written opinion explains the substantial evidence on which he relied in discounting Dr. Hogan's opinion. The ALJ explains that he gave only little weight to Dr. Hogan's medical opinion because (1) Dr. Hogan "did not explain the rationale" for her opinion or "the evidence upon which" her opinion was based; (2) Dr. Hogan's treatment notes "do not contain clinical findings of decreased concentration or attention;" (3) Dr. Hogan's treatment notes "document clinical findings of normal concentration and attention on more than one occasion;" and (4) "Dr. Hogan formed her opinion toward the start of her treatment relationship" with Kammler. Tr. at 22. The Commissioner's reasons are

consistent with the requirements of 20 C.F.R. § 404.1527(c), and the opinion and administrative record contain substantial support for each of these findings.

First, Dr. Hogan did not cite any rationale for her opinion on the MSSM. In the space on the MSSM form in which Dr. Hogan was to cite the evidence underpinning her opinion, she did not note any basis for her findings. Tr. at 296. Second, the ALJ explained that Dr. Hogan's opinion was unsupported because it was inconsistent with the medical record as a whole, including Dr. Hogan's own notes. Those notes observed, for example, that Kammler could "engage easily with treatment providers and [] be cooperative and pleasant." Tr. at 21 (citing treatment reports). The ALJ found that the notes "do not document behaviors consistent with [social] isolation, such as poor eye contact, difficulty establishing rapport, and socially inappropriate behavior." Id.

Kammler does not identify any place in Dr. Hogan's notes where Dr. Hogan documents clinical findings that Kammler had decreased concentration or attention. Dr. Hogan's notes do contain Kammler's self-reports on her psychological state, and the ALJ acknowledges those in his opinion. The treatment notes do not, however, include Mental Status Examinations that document the serious limitations on which Dr. Hogan opines in her MSSM.

Third, the ALJ correctly explained that Dr. Hogan's treatment notes contain clinical findings of normal concentration and attention. Tr. at 22 (citing Dr.

9

Hogan's treatment notes). Finally, the ALJ explained—and Kammler does not dispute—that Dr. Hogan completed the MSSM on July 17, 2014, near the start of her treatment relationship with Kammler. Id.

The ALJ acknowledged that Kammler's treatment notes contain evidence that she suffers from "a generalized anxiety disorder, a borderline personality disorder, and depression, either alone or as part of bipolar disorder." Tr. at 21. However, the ALJ went on to find that those impairments did not appear on Mental Status Examinations and did not diminish Plaintiff's ability to display "logical thoughts, a clear sensorium, good attention and concentration, and normal memory." Id. Accordingly, the ALJ supported with substantial evidence his finding that Dr. Hogan's opinion was inconsistent with the record as a whole. See Julin v. Colvin, 826 F.3d 1082, 1088 (8th Cir. 2016) (opinions of treating physicians may be given limited weight if they are inconsistent with the record) (citing Papesh v. Colvin, 786 F.3d 1126, 1132 (8th Cir. 2015)); Cline v. Colvin, 771 F.3d 1098, 1103 (8th Cir. 2014) (affirming a decision in which the ALJ gave little weight to treating physician's opinion that was inconsistent with treatment records and objective medical evidence, and that was not supported by physician's own exams and test results).

**B. Mr. Shirley**

Kammler also challenged the little weight that the ALJ gave to Mr. Shirley's opinion. Mr. Shirley opined in his MSSM that Kammler's medical conditions would cause her to have days on which she needed to leave work prematurely, that she would miss four days of work per month, and that she would be off-task 15% of the time. Kammler argues that the ALJ should not have discounted Mr. Shirley simply because he was not an acceptable medical source according to 20 C.F.R. § 404.1513(a) and 20 C.F.R. § 416.913(a). Kammler further argues that Mr. Shirley's opinion was entitled to more weight due to the fact that he met with Kammler during at least 38 visits over the period of nearly 18 months. Plaintiff's Brief at 9.

As an initial matter, the ALJ did not discount Mr. Shirley's opinion solely because he was not an acceptable medical source. Rather, the ALJ provided substantial reasons for discounting Mr. Shirley's opinion, and supported his own conclusion that Kammler's limitations were not as severe as Mr. Shirley opined. As with Dr. Hogan's opinion, the ALJ found Mr. Shirley's opinion to be inconsistent with the record as a whole and with Mr. Shirley's own treatment notes. None of the marked limitations on which Mr. Shirley opined are supported by his own observations from his treatment notes. See Defendant's Brief, ECF.

No. 13, at 9. To the extent Mr. Shirley's meeting notes support his opinions in the MSSM he provided, they rely on Kammler's subjective self-reports.

Kammler is correct that the regulations state that there are circumstances in which it may be "appropriate to give more weight to the opinion of a medical source who is not an acceptable medical source," such as when "he or she has seen the individual more often than the treating source, has provided better supporting evidence and a better explanation for the opinion, and the opinion is more consistent with the evidence as a whole." 20 C.F.R. § 404.1527(f)(1). In this case, however, the ALJ reasonably determined that the evidence showed that it was not appropriate to give more weight to Mr. Shirley's opinion.

While Mr. Shirley did meet with Kammler more frequently than other sources in the record, the ALJ explained that (1) Mr. Shirley "did not explain the rationale" for his opinion or "the evidence upon which" his opinion was based, and (2) Mr. Shirley's treatment notes "do not contain clinical findings of decreased concentration or attention." Tr. at 22. Those reasons constitute additional substantial evidence for the weight the ALJ afforded to Mr. Shirley's opinion.

### C. Dr. Adams

Kammler also took issue with the weight the ALJ gave to the report of consulting psychologist Dr. Adams. The ALJ gave "some weight" to Dr. Adams's opinion. Tr. at 22. He acknowledged Dr. Adams's limitations in forming an

opinion due to the little amount of time he spent with Kammler. The ALJ credited the opinion of Dr. Adams insofar as it was consistent with the record as a whole. Tr. at 23. Kammler argues that the ALJ should not have credited Dr. Adams's opinion more than he did Dr. Hogan's and Mr. Shirley's opinions. However, the ALJ credits Dr. Adams only to the extent his opinion is consistent with the medical evidence in the record, including Dr. Hogan's and Mr. Shirley's observations in their treatment notes. Id.

Kammler also argues that Dr. Adams's opinion was not substantial evidence for the ALJ to fashion an appropriate RFC. However, the ALJ clearly states that the RFC determination was based on his "careful consideration of the entire record." Tr. at 19. When assessing a claimant's RFC, "the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011). Instead, the ALJ must determine a claimant's RFC based on his review of the record as a whole. The ALJ evaluated all of the medical evidence of record and substantially explained his reasons for the weight he gave this evidence. The ALJ then fashioned an RFC to account for plaintiff's credible mental health and physical limitations by limiting her to simple, repetitive work requiring limited social interaction.

## VI. Conclusion

The ALJ's decisions regarding the weight he accorded to the opinions of Drs. Hogan and Adams, as well as Mr. Shirley, are supported by substantial evidence from the record.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is affirmed, and plaintiff's complaint is dismissed with prejudice.

A separate judgment is issued herewith.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2019.